IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>  MICHAEL J. STOCK<br>  LINDA M. STOCK,<br>                          Debtors<br><br>LAWRENCE V. YOUNG, TRUSTEE,<br>                          Movant<br><br>v.<br><br>DITECH FINANCIAL, LLC, F/K/A GREEN TREE SERVICING, LLC,<br>                          Respondents | Chapter 7<br><br>Case No. 1-16-bk-01373-HWV |

TRUSTEE'S MOTION FOR APPROVAL OF SALE
OF DEBTORS' REAL ESTATE KNOWN AS 419 ROSS AVENUE,
NEW CUMBERLAND, YORK COUNTY, PENNSYLVANIA
<u>FREE AND CLEAR OF LIENS AND ENCUMBRANCES</u>

COMES NOW, this 29th day of March, 2018, Lawrence V. Young, Chapter 7 Panel Trustee, by and through his counsel, CGA Law Firm, Lawrence V. Young, Esquire, and does file the within Motion averring that:

<u>PARTIES</u>

1. The Movant is Lawrence V. Young, Esquire, the Chapter 7 Panel Trustee appointed in the within case. Movant is represented by CGA Law Firm, Lawrence V. Young, Esquire, 135 North George Street, York, Pennsylvania 17401.

2. The Respondent is DiTech Financial, LLC, f/k/a Green Tree Servicing, LLC, P.O. Box 6172, Rapid City, South Dakota 57709-6172 (hereinafter "DiTech"). DiTech is represented by Buckley Madole, P.C., Andrew Kussmaul, Esquire, 14841 Dallas Parkway, Suite 300, Dallas, Texas 75254.

{01444299/1}

## BACKGROUND

3. The within case was filed as a voluntary petition under Chapter 13 on April 1, 2016 and was later converted to Chapter 7 on November 6, 2017.

5. At the time of the filing, the Debtors were the owners of a parcel of real estate located at 419 Ross Avenue, New Cumberland, York County, Pennsylvania (hereinafter "the Property"). The Property was scheduled as having a value of $137,000.00.

## JURISDICTION AND VENUE

6. This Motion is filed pursuant to 11 U.S.C. § 363 in that the Trustee is seeking to sell the Debtor's real estate free and clear of all liens and encumbrances.

7. The issues and matters set forth in this Motion constitute a core proceeding under 28 U.S.C. § 157(b)(2).

8. Jurisdiction in the Bankruptcy Court is appropriate pursuant to 28 U.S.C. § 1334. Venue is appropriate in the United States Bankruptcy Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1409.

## RELIEF SOUGHT

9. All preceding and succeeding paragraphs are incorporated herein by reference.

10. The Trustee has received an offer from Lynn and Ryan Investment Properties, LLC, 6254 Stirrup Court, Harrisburg, Pennsylvania 17111 (hereinafter "Buyer"), to purchase the Property for the sum of One hundred thirty nine thousand nine hundred ($139,900.00) dollars. A copy of the fully executed Agreement for Sale of Real Estate is attached hereto and incorporated herein by reference as Exhibit "A".

11. The Trustee believes the Property to be subject to a mortgage in favor of DiTech Financial, LLC in the amount of approximately $110,000.00.

12. It is proposed that the sale shall be free and clear of all liens and encumbrances pursuant to 11 U.S.C. § 363. After payment in full of all administrative expenses, any liens and encumbrances shall be paid from the sale proceeds in the order of their priority. Any liens or encumbrances not paid from the sale proceeds shall not attach to the Properties, but shall create a deficiency claim for the unpaid amount. The Trustee anticipates that there will be sufficient funds to pay the mortgage held by DiTech Financial, LLC in full.

13. Those administrative expenses to first be paid shall include, but not be limited to: a Realtor's commission of six (6.0%) percent of the gross sale price in the amount of Eight thousand three hundred ninety-four ($8,394.00) dollars; any and all special charges and noticing fees due to the Bankruptcy Court and the Office of the United States Trustee, including the filing fee in the amount of $181.00 that is required upon the filing of the within Motion; all unpaid and outstanding real estate taxes, sewer and refuse charges, as well as any other municipal service, which, if unpaid, would constitute a lien upon the Property; and all other miscellaneous charges, transfer taxes, notary charges, filing fees, etc., which would be necessary to pass good and marketable title and to comply with the requirements of the contract entered into for the sale of the Debtor's real estate.

14. The principals of the Buyer are not related to either of the Debtors by blood or marriage.

15. The Trustee requests that this Honorable Court make a specific finding that the buyer is a "good faith" buyer as that phrase is used in 11 U.S.C. § 363(m), and that the provisions of 11 U.S.C. § 363(m) shall apply.

16. Based upon all of the foregoing, the Trustee requests that the proposed sale be approved to be free and clear of all liens and encumbrances which otherwise attach to the real estate being sold. After payment of administrative expenses in paragraph 13, any liens and

{01444299/1}

Case 1:16-bk-01373-HWV    Doc 123    Filed 03/29/18    Entered 03/29/18 14:29:56    Desc
Main Document    Page 3 of 4

encumbrances shall be paid from the sale proceeds in the order of their priority. Any liens or exemptions not paid from the sale proceeds shall not attach to the real estate, but shall create a deficiency claim for the unpaid amount.

WHEREFORE, after Notice and the opportunity for a hearing, the Trustee requests this Honorable Court to enter an Order authorizing the Trustee to sell real estate owned by Michael J. Stock and Linda M. Stock known as 419 Ross Avenue, New Cumberland, York County, Pennsylvania to Lynn and Ryan Investment Properties, LLC, or its assigns, pursuant to the terms and conditions set forth in the within Motion.

                                        Respectfully submitted,

                                        /s/Lawrence V. Young, Esquire
                                        Lawrence V. Young, Esquire
                                        135 North George Street
                                        York, PA 17401
                                        (717) 848-4900
                                        Counsel for Trustee

{01444299/1}